UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARYL SAVAGE,

    Petitioner,

v.

WARDEN J. HOLLINGSWORTH,

    Respondent.

Civ. No. 15-0436 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.     INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 28, 2015, this Court administratively terminated this case as petitioner had neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. Subsequently, petitioner paid the filing fee. Therefore, the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## II.    BACKGROUND

>On September 29, 2004, a jury convicted Savage of one count of possession of a firearm by a convicted felon and one count of ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). Following his conviction, the Court sentenced Savage to concurrent terms of 180 months for the firearm and ammunition charges.
>
>On January 3, 2006, the Fourth Circuit affirmed Savage's convictions and sentence. *United States v. Savage*, 161 F. App'x 256 (4th Cir. 2006). Savage's petition for certiorari was denied. *Savage v. United States*, 126 S. Ct. 1930 (2006).

(Dkt. No. 1 at p. 7-8.)[1] Subsequently, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the District of Maryland. Among the claims that petitioner raised in that motion was a claim that he was erroneously classified as a career criminal which in turn enhanced his sentence. The District of Maryland denied the § 2255 motion on September 6, 2007. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability on April 3, 2008. *See United States v. Savage*, 272 F. App'x 244 (4th Cir. 2008).

In 2009, petitioner moved in this Court for habeas relief pursuant to 28 U.S.C. § 2241. This Court dismissed that habeas petition for lack of jurisdiction as petitioner failed to show any grounds in which § 2255 would be an inadequate or ineffective remedy to address his challenges. *See Savage v. Zickefoose*, No. 09-6418, 2010 WL 4366129, at *2 (D.N.J. Oct. 28, 2010). The United States Court of Appeals for the Third Circuit affirmed this dismissal on September 30, 2011. *See Savage v. Zickefoose*, 446 F. App'x 524 (3d Cir. 2011) (per curiam).

In 2013, petitioner moved in the District of Maryland under Federal Rule of Civil Procedure 60(b)(6) to set aside his judgment because the charges in one of his Armed Career Criminal Act predicate convictions allegedly had been nol-prossed. The District of Maryland determined that this Rule 60(b) motion was actually a second or successive § 2255 motion. As petitioner had failed to obtain certification from the Fourth Circuit to file a second or successive § 2255 motion, the District of Maryland denied the Rule 60(b) motion. The Fourth Circuit denied a certificate of appealability and dismissed the appeal on September 30, 2014. *See United States v. Savage*, 584 F. App'x 75 (4th Cir. 2014).

---

[1] This procedural background is taken from the United States District Court for the District of Maryland's September 6, 2007 Opinion that analyzed petitioner's § 2255 motion.

Petitioner then filed the instant § 2241 habeas petition in this case in January 2015. Petitioner argues that the District of Maryland erred in denying his § 2255 motion because he lacked the requisite elements for his sentence to be enhanced under the Armed Career Criminal Act. He claims that this claim was "overlooked" by the District of Maryland. He requests that this Court vacate his 180 month sentence.

### III. STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV. DISCUSSION

Petitioner seeks to have this Court review his sentence entered by the District of Maryland in this § 2241 action. Indeed, as previously noted, he seeks to have his sentence vacated because he was allegedly improperly determined to be a career offender which enhanced his sentence. Generally, a challenge to the validity of a federal conviction or sentence must be

3

brought under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle*, 290 F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.* at 538 (citation omitted).  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

4

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251.  Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255.  *See id*.  The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law.  *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception.  He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.  Instead, his claim is that the District of Maryland improperly used a prior conviction that had been nol-prossed to enhance his sentence.  Such a claim does not fall within the *Dorsainvil* exception.  *See, e.g.*, *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.  Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law.  Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is

not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Accordingly, petitioner fails to show that § 2255 is inadequate or ineffective to warrant bringing this § 2241 action in this Court. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it is in the interest of justice to transfer this habeas petition to the Fourth Circuit as a request to file a second or successive § 2255 motion. As noted previously, petitioner's claim appears to be that the District of Maryland erred in denying his Rule 60(b) motion which sought to raise his claim that he received an improperly enhanced sentence due to relying on his prior offenses. Petitioner appealed that denial to the Fourth Circuit which denied a certificate of appealability. Thus, it appears that the Fourth Circuit has already had occasion to consider this issue. Therefore, it is not in the interest of justice to transfer this action to the Fourth Circuit.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.

DATED: February 19, 2015

                                            s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge